560 So.2d 1013 (1990)
Galina Bolshakova McFAULL
v.
Roderick Michael McFAULL.
No. 90-C-0785.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1990.
Joseph C. Bartels, Mark D. Kuss, New Orleans, for relator.
Evangeline G. Abriel, Catherine L. LaFleur, New Orleans, for respondent.
Before SCHOTT, C.J., and BARRY and LOBRANO, JJ.
BARRY, Judge.
Mr. McFaull filed a petition for separation and custody under the Uniform Child Custody Jurisdiction Act and requested temporary custody pending the hearing. He based jurisdiction under La.R.S. 13:1702(A)(4)(i) and (ii).
According to his writ application the petition for separation was filed when Mrs. McFaull left New Orleans with their child on April 5, 1990 without informing Mr. McFaull of her decision to return to the Soviet Union. On April 6, 1990 a curator was appointed to represent Mrs. McFaull and an ex parte order was issued which gave Mr. McFaull temporary custody of the child. Mr. McFaull utilized the court order to have the child removed from a Soviet airliner in New York. Mrs. McFaul, the minor, and a child from her previous marriage returned to New Orleans.
On April 10, 1990 Mrs. McFaull filed a motion to rescind the ex parte order for child custody. On April 17, 1990 a provisional custody hearing began, but the trial court recessed and asked for memoranda on the question of jurisdiction. Mrs. McFaull filed exceptions of lack of subject matter jurisdiction and forum non conveniens under the UCCJA, and requested return of the child under the 1980 Hague Convention on the International Aspects of Child Abduction. After a hearing on April 23, 1990 the trial court decreed on April 25, *1014 1990 that it had no jurisdiction to determine custody and vacated all prior orders.
That decision precipitated Mrs. McFaull's petition for habeas corpus filed April 26, 1990 and subsequently amended. Mr. McFaull filed exceptions of non-conformity with requirements, lack of subject matter jurisdiction, and insufficiency of service of process. Those exceptions were heard May 2, 1990 and the trial court dismissed the non-conformity exception, maintained the insufficiency of process exception, and reserved a ruling on subject matter jurisdiction. Service of process was made. On May 7, 1990 the trial court overruled Mr. McFaull's exception of lack of subject matter jurisdiction as well as subsequently filed exceptions of lis pendens and vagueness. Mr. McFaull applied for writs to this Court. Although Mr. McFaull complains of the May 7, 1990 ruling, we feel that the April 25 ruling on jurisdiction which precipitated the last judgment must also be reviewed.
La.R.S. 13:1702 provides in pertinent part:
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
Although "state" is defined as any state, territory, or possession of the United States, the Commonwealth of Puerto Rico, and the District of Columbia (La.R.S. 13:1701(10)), the general policies of the UCCJA (adopted by Louisiana) extend to the international area and recognition and enforcement of custody decrees are extended to other countries if there has been reasonable notice and the opportunity to be heard. La.R.S. 13:1722. We find that La. C.C.P. art. 10(A)(5) does not prohibit the exercise of jurisdiction.
We are satisfied "[i]t appears that no other state [or country] would have jurisdiction" pursuant to prerequisites in accord with the UCCJA (as adopted in Louisiana by La.R.S. 13:1702(A)(1), (2), or (3)), and it is in the best interest of the child for the trial court to assume jurisdiction. La.R.S. 13:1702(A)(4)(i) and (ii). The April 25, 1990 judgment is reversed. The father, mother, and child are physically within the trial court's jurisdiction. It is of paramount importance and certainly in the best interest of the child to have a court determine which parent will have custody subject to visitation. To decline jurisdiction would invite chaos.
Mrs. McFaull's petition for habeas corpus has been stayed by this Court. The habeas corpus places the child before the court for it to hear by what authority Mr. McFaull has custody. The request for custody in Mr. McFaull's separation petition does not preclude the determination of custody under the habeas corpus petition. According to the court's per curiam the judge's ruling on the vagueness exception was prompted by the court's opinion that the exception was a bad faith effort to delay the trial. The court clearly had subject matter jurisdiction for the habeas proceeding. We find no error in the trial court's judgment overruling the exceptions of lis pendens, vagueness, and subject matter jurisdiction.
Our stay order is vacated.
IT IS ORDERED that a hearing be held without delay to determine provisional custody or custody pendente lite (pursuant to La.C.C.P. Art. 3828) with visitation for the noncustodial parent. The trial court shall conduct a full custody hearing as soon as practically possible.
SCHOTT, C.J., concurs in result.
SCHOTT, Chief Judge, concurring in result:
This case commenced with a petition for legal separation filed by Roderick Michael McFaull, relator, against his wife, Galina *1015 Balshakova, respondent, based upon abandonment. Ancillary to the separation proceedings is the issue of provisional custody of the minor pending the separation proceedings pursuant to C.C. art. 146. The issue is whether the Civil District Court for the Parish of Orleans has jurisdiction to determine custody of the child.
The parties were married in Leningrad in the Soviet Union in October, 1985. Since then relator has resided in New Orleans, and respondent, in Leningrad; relator has visited her there several times. They lived together in New Orleans from June 26 to August 17, 1987. Respondent gave birth to their child in Leningrad on February 6, 1988. Relator visited his wife and child in Leningrad for about nine months and the family lived together in New Orleans from February to May, 1989, when respondent and her child returned to Leningrad. They again lived together in New Orleans from December 21, 1989, until April, 1990. According to respondent, relator moved out of their New Orleans residence on April 1, 1990. According to relator, respondent abandoned him on April 5.
R.S. 13:1702(A) provides that a court of this state which is competent to decide child custody matters has jurisdiction to make a custody determination if any one of several conditions apply. The trial judge did not consider the applicability of the jurisdictional conditions after reasoning that the court was not competent to decide this child custody matter in the first instance. The judge based this conclusion on C.C.P. art. 10(A)(5) which provides that a court which is otherwise competent under the laws of this state has jurisdiction over a custody hearing only if the minor is domiciled here or is physically present in the state. Because the court found that relator had unlawfully brought the minor back to the state, it would not allow relator to benefit by the child's physical presence here.
C.C.P. Art. 10(A)(7) provides for jurisdiction over separation proceedings where one of the parties is domiciled here and the grounds therefor occurred here. This applies to the instant case since relator is domiciled in New Orleans and he alleged that the ground for separation, abandonment, occurred here. Pursuant to C.C. art. 146 custody of the minor is ancillary to the proceedings for separation. Consequently, the trial court is competent to decide this child custody matter and the court erred in holding otherwise.
The next question is whether the court has jurisdiction to make this custody determination pursuant to Section 1702 of the Uniform Custody Jurisdiction Law, R.S. 13:1702. My colleagues have found that § 1702(A)(4) confers jurisdiction. I respectfully disagree with that view. This section provides for jurisdiction if no other state would have jurisdiction pursuant to § 1702(A)(1), (2), or (3). My colleagues correctly recognize that § 1722's extension of this law to the international area authorizes treatment of Leningrad in the Soviet Union as a "state" under § 1702 but they err in concluding "that no other state [or country] would have jurisdiction" under 1702(A)(1), (2), or (3) so as to make (4) applicable. I do not find support in the record for this conclusion. Arguably, § 1702(A)(1) or (2) would provide the courts or similar legal institutions in Leningrad with jurisdiction.
Although § 1702(A)(4) does not supply the trial court with jurisdiction to determine custody, § 1702(A)(2) does. This provides as follows:
It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.
It is clearly in this child's best interest for the trial court to assume jurisdiction. To do otherwise would leave the matter in limbo. Justice requires that the mother have the opportunity to show that custody in her would be better for the child. It is likewise in the child's best interest for the court to investigate the child's situation while in the custody of the father. However, *1016 the statute mandates that the best interest test for jurisdictional purposes depends first on whether the child and at least one contestant have a significant connection with the state and whether substantial evidence concerning the child is available in this state.
As one contestant, relator who is domiciled, resides, and works here, has a significant connection with this state. The question is whether the child does. This child was but twenty-six months of age when the parents separated. For over three months before the separation the family was living in New Orleans. They had lived here for three months in 1989. While the child has spent more time in Leningrad with her mother since birth, approximately twenty months, twelve of these months were the first year of her life. When this couple entered into their marriage they opted for separate residences. When the baby came this situation continued. They were perfectly willing for the child to have two residences, one in Leningrad and the other in New Orleans. Only when the marriage breaks up and the custody battle begins does each party attempt to discount the significance of the other's residence.
Each residence has provided this child with a significant connection with each "state". The father states in an affidavit that the child has a physician here. Undoubtedly, she has one in Leningrad also. For a significant part of her life this child was loved and nurtured here while she lived here with her parents. It cannot be gainsaid that her connection with New Orleans, her residence and in fact the matrimonial residence of her parents, was highly significant.
Finally, the second condition under § 1702(A)(2), the availability of evidence, is present. Both parents are here to testify, as is the child's twelve-year-old stepbrother, the child is here, modern technology is available to respondent for the transmission of evidence from Leningrad, the Soviet government's interest in the case indicates that respondent may have assistance from that source, experts are available here, and respondent is being represented by able counsel.
Since § 1702(A)(2) provides the trial court with jurisdiction over this custody matter, I concur in the result reached by my colleagues.